# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ORLANDO SMITH,**

      **Plaintiff,**

**v.**                                                    Case No: 6:16-cv-1878-Orl-41DCI

**ORANGE COUNTY NATIONAL GOLF CLUB, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 20)**
>
> **FILED:**      April 5, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND

On October 27, 2016, Plaintiff instituted this action against Defendant alleging a cause of action under the Fair Labor Standards Act (the FLSA) for overtime violations. Doc. 1. On April 5, 2017, the parties filed a Joint Motion for Approval of Settlement and Dismissal with Prejudice (the Motion), to which the parties attached a settlement agreement (the Settlement Agreement). Docs. 20; 20-1.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores*, 679 F.2d at 1353.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS

### A. Settlement Amount

This case involved disputed issues of liability under the FLSA overtime provisions, which constitutes a bona fide dispute. Docs. 1; 16; 18; 20. In response to the Court's interrogatories, Plaintiff alleged that, excluding liquidated damages, fees, and costs, Defendant owed him the following amounts of unpaid overtime:

- June 6, 2013 to December 31, 2013:      $3,990.00
- January 1, 2014 to December 31, 2014:   $5,700.00
- January 1, 2015 to December 31, 2015:   $5,700.00
- January 1, 2016 to June 6, 2016:        $3,465.00

Doc. 18 at 3-4.

In the Motion, the parties represented to the Court that they agreed to a total settlement amount of $2,250.00 for unpaid wages, less applicable taxes and withholding, and $2,250.00 in liquidated damages, for a total amount of $4,500.00. Doc. 20 at 5. The parties represented that although Plaintiff initially estimated that he was entitled to $18,855.00, plus an equal amount of

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

liquidated damages, the parties engaged settlement negotiations and that the settlement amount represents a fair and reasonable settlement of a bona fide dispute. *See id*. at 2. In the Motion, the parties represented that: there is no fraud or collusion in the settlement and that both parties are represented by counsel; the cost of litigation in this case militates in favor of settlement and that Plaintiff has concluded that, based on the evidence, the amount at issue that can be proven is "significantly lower" than the amount set forth in the answers to the Court's interrogatories; the parties have investigated this matter sufficiently and have exchanged documents and information related to Plaintiff's job duties, time records, work hours, and compensation; the merits of Plaintiff's claims are disputed and that the amount of full compensation is unknown, but is believed by the parties to be under $5,000.00; based on the evidence, Plaintiff is receiving full compensation for claims within the two-year statute of limitations, but that there was no evidence supporting an extension to a three-year statute of limitations, and those claims within that third year are being compromised by settlement; and the parties and counsel believe that the settlement is a fair and reasonable compromise of Plaintiff's claims. *Id.* at 4-6.

Based upon the foregoing, the undersigned finds that the $4,500.00 is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Settlement Agreement

The Settlement agreement does not contain a general release, a non-disparagement provision, a confidentiality provision, or any similar provision that would affect the fairness of the agreement between the parties or require separately-negotiated consideration. The undersigned finds that the release in this case is limited to claims for unpaid wages and that it does not affect

the overall reasonableness of the settlement.  Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Settlement Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

Under the Settlement Agreement, Plaintiff's counsel will receive a total of $5,800.00 in attorney fees and costs.  Docs. 20 at 6.  In the Motion, the parties represented that the attorney fees and costs were negotiated separately from Plaintiff's recovery.  Doc. 20 at 6-7.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED** only to the extent the Court finds the settlement is fair and reasonable;

2. The Court enter an order dismissing the case with prejudice; and

3. The Court direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 12, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy